CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 18 2010

JOHN F. CORCORAN, CLERK
BY:
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| IN RE:<br>   William A WHITE<br>      Debtor | |
| | Chapter 11<br>Bankruptcy Case No 08-71107<br>AP Case 08-07062 |
| UNNAMED CITIZEN A, et al<br>   Plaintiffs | Dist Case No 7:09-cv-0057-jct<br>Judge Turk |
| v. | |
| WILLIAM A WHITE, et al<br>   Defendants | |

**DEFENDANT'S REPLY TO PLAINTIFF"'S MEMORANDUM IN OPPOSITION
TO MOTION TO STAY PENDING APPEAL**

Defendant asks court to grants Defendant William A White's Motion To Stay Pending Appeal or to schedule a hearing on Defendant's Motion after Defendant completes his substitution of counsel and states as follows:

## BACKGROUND AND PROCEDURE

After January 15, 2010, White began inquiries into the conduct of his counsel at the time, Darren Delafield, during the course of which White became aware that trial had been scheduled in this matter for March 8, 2010. Prior to this, White had written to Delafield to inquire as to the status of this case, but had received no response.

After discovering that trial had been set, White wrote to Delafield asking him to either arrange a continuance of the stay or notify White that no further continuance was possible, in order to allow White to withdraw Delafield and substitute experienced trial counsel. Delafield also did not respond to this inquiry.

White's wife, Meghan White, went to Delafield's office repeatedly and attempted

White's wife, Meghan White, went to Delafield's office repeatedly and attempted to call Delafield, but found Delafield's office shuttered and dark and received no return calls.

On February 8, 2010, White met with counsel in the related criminal matter, David Damico, and, based on that meeting, wrote to the Court to inform the Court he believed Delafield was no longer in the practice of law and that he wished to substitute counsel. Based on that letter, the Court granted a sixty day continuance February 15, 2010.

On February 18, 2010, White received a letter from Delafield advising him Delafield was still in the practice of law and representing White. The letter appears to have been prompted by a complaint White filed requesting an investigation of the handling of funds that were to be distributed in the related bankruptcy matter on January 15, 2010. Delafield did not copy the Court on this letter, but White brought this letter to the attention of the Court promptly, with the Court receiving and docketing it February 25, 2010.

On that same day, Plaintiffs, by counsel, seized the opportunity to take advantage of the differences between White and Delafield and moved to lift the stay of discovery that had been previously issued in this case, said motion being granted that same day without response or hearing. This prompted Defendant's appeal.

Shortly afterward, notice of a hearing scheduled for April 14, 2010, that had been sent to Delafield by the Court via postal mail was returned addressee unknown.

On March 15, 2010, hearing was held on Defendant's Motion to Withdraw Darren Delafield As Counsel. Delafield arrived half an hour late, without excuse, and stated he had not read or brought with him a copy of the motion. During the hearing, White's wife

testified she had retained substitute counsel for White, and counsel was waiting to receive a check and retainer agreement that had been mailed to him before entering his appearance. She testified she had also retained counsel to bring suit against Delafield for malpractice in this case and the bankruptcy proceeding, and during the hearing an expert witness retained for that matter appeared at the Bankruptcy Court and was mistaken for White's counsel. Meghan White also testified to the veracity of the allegations in the motion, including that Delafield had stated to the Bankruptcy Court that White "makes me physically ill" and that he had stated he wished to lose this case and the related bankruptcy case.

In his questioning, Delafield admitted the remarks but argued they were taken out of context. In argument, he admitted to the Court he had been asked to withdraw from this case but had chosen not to do so.

The Court ruled that significant differences had developed between White and Delafield that justified withdrawal of Delafield, and ordered that Paul Warren, substitute counsel for White, tender a Motion To Substitute Counsel by week's end.

Just prior to the March 15, 2010, hearing, Plaintiffs filed a response brief asking this Court to deny Defendant's Motion To Stay Proceedings Pending Appeal on three grounds:

1)    Lack of jurisdiction to stay.

2)    Frivolity of the appeal.

3)    Bad faith in the appeal.

Defendant now replies.

## **ARGUMENT**

Jurisdiction

Federal Rule of Appellate Procedure 8 states:

"Application for a stay of the judgment or order of a district court pending appeal ... or for an order suspending, modifying, restoring or granting an injunction during the pendency of an appeal must ordinarily be made in the first instance in the district court."

Thus, Defendant is required to move this Court for a stay pending appeal prior to seeking such a stay in the Fourth Circuit.

Defendant agrees that the question of a stay on Fifth Amendment grounds or grounds the related criminal case has not been adjudicated is no longer before this Court. Also, the question of whether the Fourth Circuit has jurisdiction over the appeal is also not properly before this Court, and would not be proper grounds for denying a stay, though Defendant also believes his original motion states sufficient grounds for alleging jurisdiction in the Fourth Circuit.

Frivolity

Defendant intends to raise two issues before the Fourth Circuit:

1) Did this Court err in ruling that criminal adjudication had occurred when trial had been completed but sentencing, motions and appeals still pended in the criminal proceeding?; and,

2) Did this Court err in ruling that Defendant's Fifth Amendment rights had terminated.

There are two lines of reasoning in the Circuits as to when a stay should be granted pending appeal. Some Circuits believe that any non-frivolous appeal should

stay proceedings related to the appeal.  Others have a four part test, one part of which is likelihood of success of the appeal.  Defendant believes, and Plaintiff's brief seems to accept, that the standard in the Fourth Circuit is that a stay should be granted if an appeal is not frivolous, though Defendant admits his limited access to legal resources has so far prevented him from finding the controlling Fourth Circuit case.

The question of when criminal adjudication occurs is a relatively settled area of law, and Defendant believes the Court's ruling in this regard is "clearly erroneous." Final judgmentin a criminal case means conviction and sentence.  <u>United States v Lanham</u> 631 F2d 356 (4th Cir 1980). (see also <u>United States v Foster</u> 278 F2d 5467 (2nd Cir 1960); <u>United States v Neumann</u> 556 F2d 1218 (5th Cir 1977);  <u>United States v Young</u> 544 F2d 415 (9th Cir 1976);  <u>United States v Romero</u> 642 F2d 392 (10th Cir 1981)).  In the instant case, Defendant believes all appeals will also have to be completed before "criminal adjudication" in the context of Defendant's original <u>Motion For Stay Pending Criminal Adjudication</u> has occurred.

As to Defendant's Fifth Amendment rights, in general, such rights continue to apply until there is no further danger of prosecution.  <u>Lefkowitz v Turley</u> 414 US 70 (1973).  Courts have found that a plea of guilty or dismissal of a criminal case terminates Fifth Amendment protections (see, eg, <u>United States v Pardo</u> 204 USAppDC (1980)), but that if the Defendant remains vulnerable to further prosecution, the Fifth Amendment continues to apply.  (see, eg, <u>Bank One of Cleveland, NA v Abbe</u> 916 F2D1067 (6th Cir 1990)).

The Defendant does not intend to fully argue the merits of these positions with this brief.  However, given the case law in support of Defendant's position, his appeal is not

frivolous, and thus a stay is appropriate.

Alleged Bad Faith

Plaintiffs have further alleged that Defendant is acting in bad faith to delay these proceedings. This is not supported by Defendant's actions or the record.

In 2008, Plaintiffs lost a number of high-profile cases to White. In one of these actions, Plaintiffs committed acts that amounted to abuse of process, and which may give rise to a counter claim in this case. They also filed a frivolous appeal to the 4th Circuit of a criminal contempt proceeding, in which they did not have standing to appeal, and made sanctionable false statements and personal attacks on the Defendant in conjunction with that appeal. One reason for their appeal, noted on the record, was that Defendant had embarassed their law firm in the press by winning the cases they had brought against him.

Thus, this case is part of a series of cases that has been characterized by bad faith conduct by the Plaintiffs against the Defendant, and in which frivolous accusations of misconduct by the Defendant have been brought before.

In this instance, Plaintiffs cite Defendant's letter to the Court as an example of a bad faith effort to deceive the Court and delay this proceeding. Given the evidence presented at the hearing on Defendant's Motion To Withdraw Darren Delafield as Counsel, it was clearly not. Defendant is incarcerated, and neither has access to the same range of information as a person in the free world nor does he have the same ability to respond with speed to developments in that world. Based on the information available to him, and after consultation with counsel, he wrote to the Court at the earlier possible date to inform them of potential issues with Delafield's representation. When more information became available in the form of Delafield's letter, he immediately

notified the Court of this fact. He then proceeded in a good faith effort to retain substitute counsel, which he has done successfully within thirty days of the Court's order to do so.

The impetus for Defendant's actions was his discovery of misconduct by Delafield in terms of Delafield's non-distribution of funds in a related bankruptcy case January 15, 2010. Prior to this, Defendant was unaware of the March 8 court date. He made a good faith effort to communicate with counsel and, when that failed, then notified the court. Had all parties waited sixty days, as originally ordered, and allowed Defendant to retain alternate counsel, none of these matters would be before the Court. It was the Plaintiff's efforts to take advantage of the dispute between Defendant and his counsel that led to the lifting of the Stay and the filing of various pro se motions that are now before this Court and the Fourth Circuit.

The Court has further found that significant differences existed between White and Delafield and that they justified Delafield's removal.

On this basis, the Court cannot find that White's actions in this case have been motivated by bad faith efforts to delay the proceeding.

## CONCLUSION

Defendant's Motion For Stay Pending Appeal should be granted. If his arguments have not yet been found persuasive, the Court should allow substitution of counsel to occur and allow argument for the Defendant by substitute counsel.

Respectfully submitted,

_____
William A White #2S-7
#20040199844
324 Campbell Ave, SW
Roanoke, VA 24016

## CERTIFICATE OF SERVICE

I hereby certify this Defendant's Reply To Plaintiff's Memorandum In Opposition To Motion To Stay Pending Appeal was mailed to the following, first class postage prepaid, through submission for mailing to a correctional officer of the institution in which I am housed, this 16th day of March, 2010.

Anthony Troy
Troutman Sanders
150 W Main St, Suite 1600
Norfolk, VA 23510

Paul Warren
Warren and Associates, PLC
409 Duke St Suite 100
Norfolk, VA 23510

_____
William A White

WILLIAM A WHITE # 2S-7
#2009106984
324 CAMPBELL AVE SW
ROANOKE, VA 24016

LEGAL MAIL — PRIVILEGED COMMUNICATION

JUDGE TURK
US DISTRICT COURT
POFF FEDERAL BUILDING
246 FRANKLIN RD
ROANOKE, VA 24011

INMATE
ROANOKE CITY JAIL


